IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRYAN PORRAS**                                                                             **PETITIONER**
**ADC #168751**

v.                                     Case No: 4:25-cv-00365-LPR

**DEXTER PAYNE**                                                                              **RESPONDENT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Patricia S. Harris (Doc. 11) and Petitioner's Objections (Doc. 17).[1]  After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[2]  But the Court will briefly address Mr. Porras's Objections below.

In his Objections, Mr. Porras argues only that his Petition was timely filed:

> In the present case and pursuant to *Smith v. Bowersox*, the time between the affirming of his direct appeal and the time limit for seeking certiorari review in the U.S. Supreme Court does not count against [Mr. Porras's] one year time limit.  This amounts to a ninety day period of time.  In other words, [Mr. Porras's] one year limitations period did not begin to run until ninety days after his direct appeal was affirmed.[3]

*Smith* offers no help to Mr. Porras.  For one thing, the petitioner in *Smith* both (1) appealed his conviction and sentence to the state's highest court, and (2) properly sought a writ of certiorari

---

[1] Mr. Porras's Motion to Extend Time to file Objections to the RD (Doc. 16) is GRANTED.  The Court has considered the Objections as timely filed.

[2] The Court notes a scrivener's error on page 8 of the RD.  On that page, the RD states that Mr. Porras's Rule 37 petition was filed in state court on March 4, 2019.  As stated elsewhere in the RD, however, the Court concludes this was supposed to say that the petition was filed on March 5, 2019.  This error does not affect the correctness of the RD's analysis or conclusions in any way.

[3] Objections (Doc. 17) at 2 (citing *Smith v. Bowersox*, 159 F.3d 345 (8th Cir. 1998)).

from the United States Supreme Court.[4]  Here, Mr. Porras has done neither.  This is critical to a determination of "the date on which the judgment became final" for purposes of 28 U.S.C. § 2244(d)(1)(A).  As the United States Supreme Court has explained:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs.  Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners.  For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari.  For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.  We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.[5]

In so holding, the Supreme Court explicitly rejected an invitation to "incorporate the 90-day period for seeking certiorari in determining when Gonzalez's judgment became final" because the Supreme Court can only review "judgments of a 'state court of last resort' or of a lower state court if the 'state court of last resort' has denied discretionary review."[6]  In other words, even if Gonzalez had sought certiorari from the intermediate state court decision, the Supreme Court would have lacked jurisdiction over his petition.[7]

The "state court of last resort" is determined by reference to state court procedures.[8]  In 2009, faced with facts similar to those presented here, the Eighth Circuit performed a careful analysis of Arkansas's state court procedures and determined that, because the Arkansas Supreme

---

[4] *Smith*, 159 F.3d at 347–48.

[5] *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

[6] *Id*. at 154 (citing Sup. Ct. R. 13.1; and 28 U.S.C. § 1257(a)).

[7] *See id*.

[8] *Parmley v. Norris*, 586 F.3d 1066, 1070 (8th Cir. 2009); *see also King v. Hobbs*, 666 F.3d 1132, 1135 n.2 (8th Cir. 2012) ("In *Gonzalez*, the Supreme Court instructed us that when a petitioner decides to forgo state-court appeals, we must 'look to state-court filing deadlines' to determine the 'expiration of the time for seeking [direct] review.'" (quoting *Gonzalez*, 565 U.S. at 152)).

Court retains discretion to review direct appeals in criminal cases, the Arkansas Court of Appeals was not the "state court of last resort."[9] Because the United States Supreme Court cannot grant certiorari to review such cases, the statute of limitations is not tolled for the 90-day period for seeking certiorari review. Here, that means the statute of limitations clock began ticking on January 29, 2019, and therefore Mr. Porras's Petition was untimely.

Accordingly, Respondent's Motion to Dismiss (Doc. 9) is GRANTED, and the Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED with prejudice. A certificate of appealability will not issue. The Clerk is instructed to close this case.

IT IS SO ORDERED this 16th day of January 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[9] *See Parmley*, 586 F.3d at 1070–73.